1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   MELANIE FRENCH,

8                        Plaintiff,          NO:  10-CV-0259-TOR

9        v.                                  ORDER DENYING DEFENDANT'S
                                             MOTION FOR RECONSIDERATION
10  LINCOLN HOSPITAL DISTRICT
    NO. 3,

11                       Defendant.

12

13        BEFORE THE COURT is Defendant's Motion for Clarification and

14  Reconsideration (ECF No. 50).  This matter was heard without oral argument on

15  June 25, 2012.  The Court has reviewed the motion, the response, and the reply,

16  and is fully informed.

17                        BACKGROUND

18        Defendant Lincoln Hospital District No. 3 ("the Hospital") has moved for

19  clarification and reconsideration of the court's April 23, 2012 order denying its

20  motion for summary judgment.  Specifically, the Hospital seeks (1) clarification as

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

to whether Janelle Hiccox is a "final policymaker" for purposes of establishing

municipal liability under *Monell*; and (2) reconsideration of any such ruling in light

of newly-submitted evidence.  This order will serve to clarify the court's prior

ruling as to Hiccox's status as a final policymaker.  As discussed below, Hiccox is

a final policymaker for purposes of *Monell* liability because she had been

delegated final policymaking authority over "the action alleged to have caused the

particular constitutional or statutory violation at issue"—the Hospital's failure to

afford Plaintiff a meaningful opportunity to be heard prior to terminating her

employment.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).  With that

clarification, Defendant's motion for reconsideration is denied.

DISCUSSION

**A. Clarification of Prior Ruling**

In its April 23, 2012 order denying the Hospital's motion for summary

judgment, the court ruled that a reasonable jury could find that Defendant violated

Plaintiff's right to procedural due process by failing to provide her with a

meaningful opportunity to be heard prior to terminating her employment.  ECF No.

47 at 21-24.  This ruling was predicated on the existence of one key disputed fact:

whether Tami French and Janelle Hiccox made an inflexible decision to terminate

Plaintiff's employment *prior* to the March 2, 2010 pre-termination hearing.  ECF

No. 47 at 23-24.  In support of this ruling, the court cited several facts which, when

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2

viewed in the light most favorable to the non-moving party, tend to support Plaintiff's characterization of the hearing as a "lecture" followed by a summary termination rather than a meaningful opportunity to respond to the Hospital's allegations of misconduct.  ECF No. 47 at 23-24.

In a separate section of this order, the court ruled that Janelle Hiccox, the Hospital's Human Resources Director and Corporate Compliance Officer, is a "final policymaker" for purposes of establishing municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  This ruling was based upon the court's finding that Hiccox's "employee discipline decisions" and "termination decisions" were not subject to further *approval* by anyone else in the Hospital's management hierarchy.  ECF No. 47 at 16-17.  In support of this finding, the court cited undisputed evidence that Hiccox exercised final review authority over a manager's decision to terminate one of his or her subordinates:

> **Q:**    Who is the person that makes any decisions to terminate an employee in long-term care?
>
> **A:**    The director of nursing.
>
> **Q:**    Is that subject to anyone's approval?
>
> **A:**    Yes.
>
> **Q:**    And whose approval is it subject to?
>
> **A:**    It's reviewed with me as well.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

**Q:**    And would you have had the authority to override any decisions made by the director of nursing?

**A:**    Yes.

Hiccox Dep., ECF No. 43-2, at 8:25-9:9 (cited at ECF No. 47 at 17).

As the Hospital correctly notes, the court's ruling on the final policymaker issue did not specifically distinguish between "approval" of a manager's decision to terminate an employee from post facto "review" of that decision under the collective bargaining agreement ("CBA").  ECF No. 51 at 3.  Accordingly, the court will now clarify that its prior ruling extended only to Hiccox's authority to "approve" a manager's decision to terminate an employee prior to taking adverse employment action.  In other words, the court's ruling is that Hiccox qualifies as a final policymaker with respect to the *procedure used to initiate formal termination proceedings*.  To be clear, the court has not ruled that Hiccox is a final policymaker with respect to the substantive justification for all employee discipline and termination decisions.

**B. Denial of Reconsideration**

The Hospital argues that Hiccox is not a final policymaker under *Monell* because her termination decisions are "subject to review" by the Hospital Administrator under the Grievance Procedure set forth in the CBA.  ECF No. 51 at 6-9.  According to the Hospital, the existence of the Grievance Procedure is "dispositive" on the issue of municipal liability because it provides employees an

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 4

opportunity to appeal any termination decisions made by Hiccox. ECF No. 62 at 1.

Given that Hiccox's termination decisions are "subject to review" (and potential

reversal) by an authorized policymaker, the Hospital argues, "Hiccox has neither

official nor de facto policymaking authority." ECF No. 62 at 5.

The Hospital's arguments concerning the Grievance Procedure miss the

mark. While the Grievance Procedure allows employees to contest the *merits* of

the Hospital's termination decision, it does not provide for review of the *process*

*by which the decision was reached*. By its terms, the Grievance Procedure only

extends to "alleged violation[s] of a specific term or terms of the [CBA]." ECF

No. 38-1 at ¶ 16.1. Aside from providing that "[n]otice need not be given to

employees terminated for just cause," (ECF No. 38-1 at ¶ 6.3), the CBA does not

contain terms governing pre-termination notice and hearing procedures.

Accordingly, the Grievance Procedure does not extend to violations of an

employee's right to pre-termination due process. By logical extension, any

decision by Hiccox to terminate Plaintiff's employment without affording her a

meaningful opportunity to be heard was not "subject to review" under the

Grievance Procedure.

In a similar vein, the Hospital's arguments do not address the allegedly

unconstitutional conduct at issue in this case—the Hospital's failure to afford

Plaintiff a meaningful opportunity to be heard prior to terminating her

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 5

1   employment.  Critically, in deciding whether Hiccox qualifies as a final

2   policymaker, the court must determine whether Hiccox "sp[oke] with final

3   policymaking authority for the [Hospital] *concerning the action alleged to have*

4   *caused the particular constitutional or statutory violation at issue*."  *Jett*, 491 U.S.

5   at 737 (emphasis added); *see also Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004)

6   ("When determining whether an individual has final policymaking authority, we

7   ask whether he or she has authority *in a particular area, or on a particular issue*.")

8   (emphasis in original) (internal quotation and citation omitted).  Here, the

9   particular violation at issue is a deprivation of Plaintiff's right to be heard at a

10  meaningful time and in a meaningful manner prior to being terminated.  *See*

11  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).  The action alleged to

12  have caused that violation was Hiccox's "final" decision to terminate Plaintiff's

13  employment before affording her an opportunity to respond to the Hospital's

14  allegations.  Accordingly, the dispositive inquiry is whether Hiccox exercised final

15  policymaking authority over the Hospital's pre-termination due process

16  procedures.

17          The court finds that Hiccox, the Hospital's Human Resources Director and

18  Corporate Compliance Officer, did in fact exercise final policymaking authority

19  over the Hospital's pre-termination notice and hearing procedures.  In reaching this

20  conclusion, the court notes that Hiccox's actions leading up to Plaintiff's March

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 6

1    2nd termination were neither "subject to review by the [Hospital's] authorized

2    policymakers" nor "constrained by policies not of [her own] making."  *See City of*

3    *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  As noted above, the CBA does

4    not specify any procedures that the Hospital must follow after a manager

5    recommends that an employee be terminated.  The Hospital's employee handbook

6    is also silent with regard to pre-termination due process procedures.  And, as

7    evidenced by Hiccox's most recent declaration, the Hospital's Policy and

8    Procedure Committee has not adopted a specific policy or procedure governing

9    pre-termination proceedings.  ECF No. 54-2.  At bottom, there is no evidence that

10   anyone other than Hiccox, as the Hospital's Human Resources Director, was

11   responsible for establishing policy with respect to pre-termination due process

12   procedures.

13         On the other hand, the materials submitted by the Hospital in support of the

14   instant motion strongly suggest that the Hospital expressly delegated final

15   policymaking authority over such matters to Hiccox.  As the Hospital's Corporate

16   Compliance Officer, Hiccox was charged with administering the Hospital's

17   "Compliance Program."  According to the Hospital's employee handbook, the

18   Compliance Program is designed to ensure that "the business of the Hospital is . . .

19   conducted according to the highest legal and ethical standards."  ECF No. 54-1 at

20   67.  To that end, the program "establishes a formal structure to monitor, detect,

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 7

respond to and correct violations of applicable federal, state and local laws and regulations and violations of the Ethics Policy." ECF No. 54-1 at 67.

Notably, the Hospital granted Hiccox broad authority over the administration of the Compliance Program. The "Duties" section of Hiccox's employment agreement with the Hospital provides, in relevant part:

> The District vests Hiccox with all powers and authority necessary to carry out her duties as described in The District's Compliance Program and as may be adopted from time-to-time by the Board, but the Board may withdraw or limit these powers and authority at any time as it sees fit.

ECF No. 54-1 at 32. The court finds that this broad grant of authority to "monitor, detect, respond to and correct violations of applicable federal, state and local laws"—in conjunction with Hiccox's responsibilities as the Hospital's Human Resources Director—vests Hiccox with final policymaking authority over the Hospital's pre-termination due process procedures. This is the court's final ruling on this legal question that it must decide before the case is submitted to the jury. *See Jett*, 491 U.S. at 737-38. Thus, it is now for the jury to determine whether Hiccox's decisions have caused the deprivation of Plaintiff's right to procedural due process by failing to provide her with a meaningful opportunity to be heard prior to terminating her employment. Accordingly, the Hospital's motion for reconsideration on this issue is denied.

//

//

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 8

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2        Defendant's Motion for Clarification and Reconsideration (ECF No. 50) is

3    **DENIED**.

4        The District Court Executive is hereby directed to enter this Order and

5    provide copies to counsel.

6        **DATED** this 2nd day of June, 2012.

7                                    *s/ Thomas O. Rice*

8                              THOMAS O. RICE
                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 9